Case 2:21-cv-00266   Document 10   Filed on 12/23/21 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
December 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| VALENTIN GAONA, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:21-CV-00266 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner has filed a motion requesting the appointment of counsel. (D.E. 8). The motion is **DENIED**. There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Service of process was ordered on November 15, 2021 (D.E. 4), and at this point there are no issues which mandate an evidentiary hearing.

An evidentiary hearing will be scheduled and counsel will be assigned *sua sponte* if there are issues which mandate a hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995). Accordingly, petitioner's motion for appointment of counsel (D.E. 8) is **DENIED** without prejudice.

Petitioner also filed a "motion to develop the record" which the Court construes as a request for leave to conduct discovery (D.E. 9). The motion is **DENIED** without prejudice as premature. Petitioner has not provided adequate reasons to support his request to conduct discovery. Rule 6(b), Rules Governing Section 2254 Cases. Respondent has not yet filed an answer, and the court is in no position to evaluate whether the discovery sought is relevant to the issues that will be before the Court. Petitioner requests copies of discovery outside of the state court record. He is not entitled to conduct discovery solely because the information he seeks is not in the state court record. For instance, if Petitioner has not properly exhausted, if his filing is barred by limitations, or if he has already raised his issues in a previous habeas petition, the merits of his claims will not be reached. 28 U.S.C. §§ 2244(a), 2244(d), 2254(b)(1). He is also not entitled to conduct discovery unless he can satisfy the court that his failure to develop the factual basis for his claim before the State court proceedings meets the test in 28 U.S.C. § 2254(d)(2).

ORDERED on December 23, 2021.

_____
Julie K. Hampton
United States Magistrate Judge