UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VALENTIN GAONA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00266 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Valentin Gaona is an inmate in the Texas Department of Criminal Justice and is currently incarcerated at the Connally Unit in Kenedy, Texas. Proceeding *pro se*, Gaona filed an original *habeas corpus* petition pursuant to 28 U.S.C. § 2254 on November 3, 2021.[1] (D.E. 1). Gaona raises eight claims regarding violations of his Fifth, Sixth, and Fourteenth Amendment rights during his state proceedings. Respondent filed a motion for summary judgment contending that the § 2254 petition is untimely, to which Gaona has responded. (D.E. 13, 16). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 13) be granted and Gaona's *habeas corpus* petition be dismissed as untimely. It is further recommended that a Certificate of Appealability ("COA") be denied.

---

[1] Gaona stated under penalty of perjury that he placed his petition in the prison mail system on November 3, 2021, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases (discussing the mailbox rule).

## I. JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Gaona was convicted in Nueces County, Texas. 28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II. BACKGROUND

### a. Petition and Claims

In his petition, Gaona first contends that the jury charge erroneously failed to instruct the jury regarding the conduct of his co-defendant. (D.E. 1 at 6; D.E. 1-1 at 10). Second, he asserts that the jury charge erroneously charged him with capital murder and did not include the necessary instruction on accomplice testimony. (D.E. 1 at 6; D.E. 1-1 at 11). Third, Gaona argues that he was improperly charged with capital murder. (D.E. 1 at 7; D.E. 1-1 at 12-13). Fourth, he contends that his conviction for capital murder based on underlying charges for murder and arson violated his double jeopardy rights. (D.E. 1 at 7; D.E. 1-1 at 14). Fifth, he argues that trial counsel was ineffective for: (1) failing to object to the indictment or move to have it quashed; (2) failing to request an instruction on accomplice testimony; and (3) failing to interview or subpoena an eyewitness and alibi witness. (D.E. 1 at 8; D.E. 1-1 at 15-18). Sixth, Gaona contends that his first appellate counsel was ineffective for: (1) failing to file a motion for a new trial; (2) failing to raise ineffective assistance of trial counsel; and (3) failing to master the record and relevant law. (D.E. 1 at 8; D.E. 1-1 at 19). Seventh, he asserts that his second appellate counsel was ineffective for: (1) failing to master the record; (2) failing to withdraw; (3) failing to file

an *Anders* brief; and (4) failing to perfect the appeal. (D.E. 1 at 8; D.E. 1-1 at 20). Finally, Gaona contends that he is actually innocent because the state failed to prove all of the elements necessary to prove his guilt beyond a reasonable doubt. (D.E. 1 at 8).

### b. State Court Records

In December 2007, Gaona and Ricardo Cavazos were charged in an indictment with capital murder, in violation of Tex. Penal Code § 19.02. (D.E. 12-1 at 6-7). In April 2008, Gaona was convicted by a jury and sentenced to life imprisonment without parole. (D.E. 12-1 at 76-78; D.E. 12-6 at 17; D.E. 12-7 at 6). Gaona subsequently filed a direct appeal, but the Thirteenth District Court of Appeals of Texas affirmed his conviction on March 26, 2009. *Gaona v. State*, No. 13-08-364-CR, 2009 WL 2568578 (Tex. App.—Corpus Christi, Mar. 26, 2009).[2] Gaona next filed a petition for discretionary review that the Texas Court of Criminal Appeals ("TCCA") refused on September 16, 2009. *See id.* at caption.

On October 7, 2020, Gaona filed his first application for a writ of *habeas corpus* under Article 11.07 of the Texas Code of Criminal Procedure. (D.E. 12-10 at 12-67). Among others, Gaona raised the same claims as in his current petition. (*See generally id.*). The trial court concluded that the application was barred by laches because he waited more than 11 years to file the application and the state was prejudiced by this delay. (*Id.* at 113). The trial court alternatively concluded that Gaona's claims all failed for other reasons as

---

[2] Gaona later filed two more appeals that the Thirteenth District Court of Appeals of Texas dismissed because he had already filed a direct appeal and they were filed over 10 years after the deadline. *See Gaona v. State*, No. 13-19-00606-CR, 2020 WL 103860 (Tex. App. Jan. 9, 2020); *Gaona v. State*, No. 13-20-00075-CR, 2020 WL 1060582 (Tex. App. Mar. 2, 2020).

well. Accordingly, the trial court recommended that the application be denied. (*Id.*). On February 10, 2021, the TCCA denied the Article 11.07 application without written order on the findings of the trial court and on the TCCA's independent review of the record. (D.E. 12-9 at 1).

### III. DISCUSSION

In the motion for summary judgment, Respondent contends that Gaona's claims are barred by the statute of limitations. (D.E. 22 at 6-8). Specifically, Respondent argues that the judgment became final when his time for filing a petition for certiorari with the Supreme Court expired, which was 90 days after the TCCA denied his PDR on September 16, 2009. (*Id.* at 7). Accordingly, Respondent contends that he was required to file his § 2254 petition by December 15, 2010. Respondent asserts that Gaona is not entitled to statutory tolling because his state application for *habeas corpus* was also filed after the expiration of the limitation period. (*Id.*). Moreover, Respondent argues that Gaona is not entitled to equitable tolling because he has not shown either rare and exceptional circumstances for his delay or that he was acting diligently. (*Id.* at 8-10). Finally, Respondent contends that Gaona's actual innocence claim does not allow him to raise his otherwise barred claims because: (1) he only argues that he is actually innocent because the state failed to prove all of the elements beyond a reasonable doubt, which is merely an insufficiency of the evidence claim; and (2) he has not presented any newly discovered evidence. (*Id.* at 10-11).

4

Gaona responds that the one-year statute of limitations is not applicable to his petition for several reasons. (D.E. 16 at 1-2). However, he does not dispute the dates of his appeals and Article 11.07 application cited by Respondent. (*See id.*).

A one-year limitation period applies to an application for a writ of *habeas corpus* filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1).

A petition for discretionary review to the Texas Court of Criminal Appeals must be filed within 30 days after either the day the court of appeals rendered judgment or the day the last timely motion for rehearing or *en banc* reconsideration was overruled. Tex. R. App. Proc. 68.2(a). Where a petitioner has sought review by the state's highest court, a conviction becomes final 90 days after her claim is rejected, when the time to file a petition for a writ of certiorari with the Supreme Court has expired. *Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003).

The time during which a properly filed state collateral review application is pending is not counted toward the limitation period. 28 U.S.C. § 2244(d)(2). A state *habeas*

petition filed after the limitation period ends does not toll the limitation period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The timeliness provision in § 2244(d) is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling only if he can show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way. *Id.* at 649. Such a circumstance exists where, for example, the plaintiff was misled by the defendant about the cause of action or was otherwise prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). A standard claim of excusable neglect is insufficient. *Id.* Ignorance of the law generally does not excuse prompt filing, even for a *pro se* prisoner. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). The failure to satisfy the limitation period must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

"Absent evidence in the record, a court cannot consider a *habeas* petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

A federal *habeas* petitioner is not entitled to relief based on a freestanding claim that newly discovered evidence shows that he is actually innocent. *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993). A claim of actual innocence in a federal *habeas* case is instead cognizable only to "seek excusal of a procedural error so that [the petitioner] may bring an

independent constitutional claim." *Id.* at 404. In other words, there is a distinction between "*habeas* petitioners who assert that their actual innocence in itself presents a violation of their constitutional rights," whose claim is not cognizable, and "petitioners who assert that their actual innocence acts as a catalyst to bring them within that narrow class of cases in which the refusal of the court to hear their underlying constitutional claims will result in a fundamental miscarriage of justice," whose claim is cognizable for a limited purpose. *Lucas v. Johnson*, 132 F.3d 1069, 1076 (5th Cir. 1998) (internal quotation marks omitted). For petitioners in the latter group, they must show that, in light of new evidence, no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). If the petitioner makes this showing, then the court may proceed to consider the merits of the otherwise barred underlying constitutional claims. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000).

Here, Gaona's § 2254 petition is untimely, and he has not established that he is entitled to statutory or equitable tolling. Following the denial of his PDR on September 16, 2009, he had 90 days to file a petition for certiorari with the Supreme Court, and his conviction became final when that deadline expired. *Roberts*, 319 F.3d at 693-95. Accordingly, his conviction became final on December 15, 2009. His time to file a § 2254 petition expired one year later on December 15, 2010. 28 U.S.C. § 2244(d)(1). He did not file his petition until November 3, 2021, which was almost 11 years late. (D.E. 1 at 11). Gaona has not asserted that any of the other potential start dates for the statute of limitations apply, nor do any of them appear to apply based on the claims in the petition. Although he

7

makes some reference to new evidence, he does not describe what that evidence is or why it could not have been discovered sooner through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D).

As to statutory tolling, Gaona's state *habeas* application was also filed after the expiration of the limitation period, and therefore did not toll the limitation period. *Scott*, 227 F.3d at 263. Further, Gaona has not established that he is entitled to equitable tolling because he has not shown any extraordinary circumstance that prevented him from filing his § 2254 petition earlier. *Holland*, 560 U.S. at 649. To the extent that Gaona argues that he is proceeding *pro se* and did not know about the required process, ignorance of the law does not generally excuse prompt filing, even for a *pro se* prisoner. *Felder*, 204 F.3d at 172. In particular, Gaona has not explained how any circumstance caused him to file his petition almost 11 years after the expiration of the limitation period.

Finally, while Gaona has raised an actual innocence claim, it does not meet the requirements to allow him to bring his otherwise barred underlying constitutional claims. An actual innocence claim may only excuse procedural error where the petitioner shows that, in light of new evidence, no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *McQuiggin*, 569 U.S. at 386. Instead, the actual innocence claim that Gaona raises in his petition is merely a sufficiency-of-the-evidence claim that the state failed to prove all the elements of the offense beyond a reasonable doubt. (D.E. 1 at 8). He does not argue or otherwise show that there is new evidence that establishes that no reasonable juror would have voted to find him guilty.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a *habeas corpus* proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gaona has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the *habeas* petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Gaona's claims are time-barred. Therefore, it is further recommended that any request for a COA be denied because he has not made the necessary showing for such issuance.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 13) be GRANTED. Gaona's § 2254 petition should be

9

DISMISSED as untimely. In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted on May 4, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).