United States District Court
Southern District of Texas
**ENTERED**
July 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| VALENTIN GAONA, | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | § CIVIL ACTION NO. 2:21-CV-00266 |
| | § |
| BOBBY LUMPKIN, | § |
| | § |
| Respondent. | § |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent's Motion for Summary Judgment (D.E. 13). On May 4, 2022, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (D.E. 17), recommending that Respondent's motion be granted, that Petitioner's habeas corpus action be dismissed as barred by limitations, and that a certificate of appealability be denied. Petitioner timely filed his objections (D.E. 18) on May 11, 2022.

Petitioner first objects that his petition is not barred by limitations because his most recent state court litigation over his conviction only became final after he filed this action, making this action well within the one-year period after the state court litigation became final. He relies on *Gaona v. State*, No. 13-20-00075-CR (Tex. App.—Corpus Christi-Edinburg, Mar. 2, 2020), which dismissed his appeal of his conviction for lack of jurisdiction because it was untimely. He also relies on *Ex Parte Gaona*, No. 13-20-00517-CR Tex. App.—Corpus Christi-Edinburg, Feb. 4, 2021) (Trial No. PD-0516-21), which

dismissed his state habeas petition for lack of jurisdiction because it was untimely. By letter of July 15, 2021, the Texas Court of Criminal Appeals gave Petitioner notice that it would take no action on the state habeas petition because it had been dismissed for lack of jurisdiction.

Petitioner appears to argue that he can revive the limitations period by filing state court actions to trigger new appellate and habeas deadlines. He offers no legal authority for that position and the Magistrate Judge acknowledged the late-filed state court litigation in noting that it did not alter the federal habeas deadline. D.E. 17, pp. 3-6. The Court **OVERRULES** the first objection.

Petitioner's second objection is that he has made a substantial showing of the denial of a constitutional right. He argues in only conclusory terms that his petition is timely and that his issues on the merits are substantial. The objection is insufficient to overcome the Magistrate Judge's reasoned analysis in recommending the dismissal of this case and the denial of the certificate of appealability. The second objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, Respondent's motion for summary judgment (D.E. 13) is **GRANTED** and this action is **DISMISSED**. The request for a certificate of appealability is **DENIED**.

ORDERED on July 8, 2022.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE