United States District Court
Southern District of Texas
**ENTERED**
December 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VALENTIN GAONA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00266 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Valentin Gaona is a Texas inmate appearing *pro se*. On July 8, 2022, the District Court adopted the undersigned's Memorandum and Recommendation ("M&R") and dismissed Gaona's 28 U.S.C. § 2254 petition as untimely. (D.E. 17, 19). Gaona subsequently appealed to the Fifth Circuit, which denied his motion for a certificate of appealability. (D.E. 34). Now pending are Gaona's construed application to proceed *in forma pauperis* on appeal and motion for appointment of counsel (D.E. 36) and motion for reconsideration (D.E. 37). For the reasons discussed further below, it is recommended that Gaona's motions (D.E. 36, 37) be **DENIED**.

## I.   BACKGROUND

On November 3, 2021, Gaona filed his *pro se* § 2254 petition, raising eight specific claims relating to his trial and direct appeal. (D.E. 1 at 6-8; D.E. 1-1 at 10-20). Respondent subsequently filed a motion for summary judgment, contending that Gaona's petition was untimely. (D.E. 13).

On May 4, 2022, the undersigned issued an M&R recommending that Respondent's motion for summary judgment be granted and Gaona's petition be dismissed as untimely. (D.E. 17 at 7-8).  Over Gaona's objections, the District Court adopted the findings and conclusions in the M&R, dismissed Gaona's petition as untimely, and denied a certificate of appealability.  (D.E. 18, 19).

Gaona subsequently appealed to the Fifth Circuit.  (D.E. 21).  On October 25, 2022, the Fifth Circuit also denied him a certificate of appealability, noting that he had not challenged the District Court's conclusion that his petition was time-barred and therefore had abandoned the issue.  (D.E. 34 at 1-2).

## II.  DISCUSSION

### a.  Application to Proceed In Forma Pauperis on Appeal and for Appointment of Counsel (D.E. 36)

In the construed application to proceed *in forma pauperis* and for appointment of counsel, Gaona indicates that he seeks to appeal the Fifth Circuit's October 2022 order denying him a certificate of appealability to the "13th Circuit Court of Appeals."  (D.E. 36 at 1).  He seeks a certificate of appealability for "the other claims which the District Court denied a certificate."  He notes that he has not paid the filing fee due to his indigent status and also seeks appointment of counsel.  (*Id.*).

Gaona's motion should be denied.  "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  Gaona's appeal is not taken in good faith.  First, he has already appealed to the Fifth Circuit and did not prevail.  (*See* D.E. 34).  The District Court dismissed his

§ 2254 petition solely on the ground that it was untimely.  Gaona did not address this in his initial appeal to the Fifth Circuit or in the present motion, and it is the sole ground that he must challenge on appeal.  Second, a notice of appeal must be filed within 30 days after the entry of the judgment.  Fed. R. App. P. 4(a)(1)(A).  The judgment in this case was entered on July 8, 2022, and Gaona's current motion, which also appears to be intended as a notice of appeal, was filed on December 14, 2022.  (D.E. 20, 36).  Finally, Gaona seeks to appeal to the "13th Circuit Court of Appeals," which does not exist.[1]

Accordingly, it is recommended that the District Court deny Gaona's motion (D.E. 36) and certify that the appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

### b.   *Motion for Reconsideration (D.E. 37)*

In his motion for reconsideration, Gaona argues that he should have been granted a certificate of appealability because he has shown that his constitutional right to effective trial and appellate counsel was violated.  (D.E. 37 at 1).  He notes that this motion was originally filed with the Fifth Circuit, but the Fifth Circuit directed him to file it here.  (*Id.* at 2).

A motion that challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b).  *Ford v. Elsbury*,

---

[1] It is possible that Gaona is referring to the Thirteenth District Court of Appeals of Texas, but he cannot appeal a federal court judgment to a state appeals court.

3

32 F.3d 931, 937 (5th Cir. 1994).  A Rule 59(e) motion must be filed within 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e).  In contrast, a Rule 60(b) motion must be filed "within a reasonable time" after the entry of judgment.  Fed. R. Civ. P. 60(c)(1).  Because Gaona's motion was filed more than 28 days after the District Court's judgment, it is construed as a Rule 60(b) motions.

Under Rule 60(b), a party may seek relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).

Here, Gaona's motion does not meet the Rule 60(b) standard because he has not identified any valid basis for relief from the final judgment.  Even liberally construed, he has not referenced any of the five specific grounds upon which relief from judgment could be granted, meaning his request falls under Rule 60(b)(6), for "any other reason that justifies relief."  (*See generally* D.E. 37).  As noted above, the District Court dismissed Gaona's petition solely because it was untimely.  (D.E. 19).  Gaona has not addressed the timeliness of his petition at all or provided any basis upon which the Court could conclude that the petition was, in fact, timely.  Accordingly, it is recommended that his motion for reconsideration (D.E. 37) be **DENIED**.

4

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that Gaona's motions (D.E. 36, 37) be **DENIED**.

Respectfully submitted on December 15, 2022.

Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).